Billy R. **BARTLETT**, Petitioner,

v.

**DEPARTMENT OF THE INTERIOR,**
Respondent.

No. 02–3282.

United States Court of Appeals,
Federal Circuit.

DECIDED: Nov. 12, 2002.

Before LOURIE, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

Billy R. Bartlett ("the appellant") seeks review of the initial decision and final order of the Merit Systems Protection Board ("Board") affirming the decision of the Department of the Interior ("agency") to deny Bartlett's request for firefighter retirement benefits under 5 U.S.C. § 8336 as untimely filed and not excused by circumstances beyond Bartlett's control. Because the Board's decision was based on substantial evidence, we *affirm.*

## BACKGROUND

The appellant was employed as a firefighter with the Department of the Interior between the years of 1963 and 1998. The appellant began his career as a seasonal employee and ended it as a realty specialist at the GG–11 level.

In 1980, the appellant received a memorandum from the agency notifying him of the existence of retirement benefits under the Civil Service Retirement System ("CSRS"), codified at 5 U.S.C. § 8336. The letter included a worksheet and instructions on how to apply for coverage under the program. In 1994, Billy Stilson, who worked on the appellant's fire crew in 1971, informed the appellant that he would be retiring and receiving benefits under the retirement system. In March 1999, the appellant became aware of a website maintained by the Firefighter and Law Enforcement Retirement Team, which discussed retirement benefits and the deadline for filing a claim.

On May 11, 1999, the appellant filed a claim with the agency requesting retirement benefits for his previous years of employment. The agency denied the appellant's request for coverage for the years prior to May 11, 1998, as untimely filed,

under the deadlines mandated by 5 C.F.R. § 831.908(e) (1989) and 5 C.F.R § 831.906(e) (2002). Under the 1989 regulations, applicants were required to request credit for periods of employment served prior to September 30, 1989, on or before that date. 5 C.F.R. § 831.908(e) (1989). Under the current regulations, applicants are required to request credit for employment within one year of completing the year of employment for which benefits are requested. 5 C.F.R. 831.906(e) (2002). The regulation allows an agency head to extend the time limit for filing, "when, in the judgment of such agency head ... the individual shows that he or she was prevented by circumstances beyond his or her control from making the request within the time limit." 5 C.F.R. § 831.908(f) (2002); *accord* 5 C.F.R. § 831.908(e) (1989). The agency denied the appellant's request for coverage, because he had filed his claim on May 11, 1999, well after the September 30, 1989, deadline for years served prior to that date, and after the one year time limit for years served after 1989. The agency found that the delay in requesting coverage was not caused by circumstances beyond the appellant's control.

On April 12, 2000, the appellant appealed the agency's decision to the Board. In an initial decision, the administrative judge affirmed the agency's decision. *Bartlett v. Dep't of the Interior,* No. DE–0831–00–0274–I–1, 91 M.S.P.R. 664 (M.S.P.B. May 15, 2001) ("Initial Decision"). The administrative judge determined that the appellant was aware of his status and of the availability of firefighter retirement benefits "at least since 1994." *Id.* at 8. The administrative judge considered the appellant's contention that he was confused about his eligibility to receive benefits, but determined that due diligence required the appellant to "seek information or make

some attempt to clarify his rights." *Id.* The administrative judge held that "[a]lthough good cause for a late filing can be found if an employee is unaware of his status or the benefits," the appellant's failure to seek further information meant that he was not prevented by circumstances beyond his control from filing in a timely manner. *Id.* at 9. The administrative judge therefore affirmed the decision of the agency dismissing the appellant's application as untimely.

On March 28, 2002, the Board denied review. *Bartlett v. Dep't of the Interior*, No. DE–0831–00–0274–I–1, 91 M.S.P.R. 664 (M.S.P.B. March 28, 2002).

The appellant timely sought review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We sustain a decision of the Board unless it is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

There is no question but that the appellant's request for credit for past service was untimely filed. The only issue is whether the Board's determination that the appellant was not "prevented by circumstances beyond his or her control from making the request within the time limit," was based on substantial evidence. 5 C.F.R. § 831.906(f) (2002).

Under our precedent, whether the appellant's late filing is excused by circumstances beyond his control turns on whether he was on "constructive notice" of the existence of the retirement benefits system and of the necessity to file an application for credit for his prior years of employ-

ment. *Stearn v. Dep't of Navy*, 280 F.3d 1376, 1384–85 (Fed.Cir.2002). The Board found that, based on record and hearing testimony, the appellant was actually aware of the requirements "at least since 1994," when his former colleague Billy Stilson informed him that he would be retiring that year under the firefighter enhanced benefits system. Initial Decision at 5–7. The record also indicates that the appellant received a memorandum from the agency in 1980, which explained the retirement benefits system and included a worksheet and instructions on how to apply for coverage under the program. Finally, the administrative judge found that the appellant "admitted that he was aware of his retirement status and was also aware that firefighters could apply for enhanced retirement benefits." Initial Decision at 6. Because a reasonable person could conclude from this evidence that the appellant was aware of the retirement system and the necessity to file for benefits from at least 1994, the administrative judge's finding on this issue was based on substantial evidence.

The appellant also contended before the Board that, despite his awareness of the retirement system and the necessity to file for credit for past years of service, he failed to file in a timely manner because he was confused about his eligibility to receive benefits under the program. The administrative judge concluded that this confusion did not constitute circumstances beyond the appellant's control, because he did not seek further information to clarify his rights. We have held that lack of knowledge is not a ground for waiver of the time limit under the regulations, when the employee has received notice of the availability of retirement benefits. *Stearn*, 280 F.3d at 1385.

Finally, the appellant contends that he was misled by the agency in that he was

told falsely that he was being recommended for "special fire retirement" and that it "would be effective in two to three months." (Appellant's Br. at 3.) Misleading statements by the agency such as the appellant alleges might well constitute circumstances beyond an applicant's control that would justify a waiver of the filing deadline. However, the administrative judge did not make any finding with regard to whether the appellant was misled by any person at the agency. Unfortunately, there is no transcript of the hearing. However, the appellant does not claim that he presented any documentary or testimonial evidence at the Board hearing to demonstrate that he was misled. Indeed, the appellant concedes that the witness he called at the hearing "conveniently 'did not remember'" making the allegedly misleading statement. *Id.*

Given the Board's findings that the appellant had been aware of the retirement system since at least 1994 and that he had failed to seek further information to clarify his rights, it was reasonable for the Board to conclude that the appellant's late filing was not occasioned by circumstances beyond his control.

## CONCLUSION

For the forgoing reasons, the order of the Board is affirmed.

## COSTS

No costs.